56   1
59   260

56    1
f121  586

56    1
s22NW 88
129   483

56    1
136   227

56    1
144   28

CALVIN G. PALMER V. DETROIT, LANSING & LAKE MICHIGAN
RAILROAD COMPANY.

*Contributory negligence as a question of fact.*

The fact of contributory negligence is for the jury to determine from all
the circumstances, if the facts tending to establish it are disputed, and
especially if it appears that the plaintiff had exercised care and would
not have been likely to be hurt, if defendant had done his duty.   So
*held,* where a man driving across a railway track had watched the
engine go by and was hurt by its backing down on him without any
warning while he was looking out for further dangers in the rear.

Error to Montcalm.   (V. H. Smith, J.)   Jan. 6.—Jan. 21.

CASE.   Plaintiff brings error.   Reversed.

*C. C. Ellsworth* for appellant.

*John Lewis* for appellee.

SHERWOOD, J.   This is an action against the defendant for
personal injury to the plaintiff, received from a passing engine
with tender attached, upon a street-crossing in the city of
Stanton.   It appears from the record in the case that the rail-
road, at the place where the injury occurred, runs north and
south, and the street east and west.   The plaintiff was driv-
ing a spirited team at the time, going west on the street with
a sleigh-load of grain.   On approaching the crossing he
looked north upon the track, and saw the engine with the
tender pass in that direction, and as he drove on, he kept a sharp
lookout for what might be coming from the south, not appre-
hending any immediate danger from the north after seeing
the engine pass; while thus looking to the south he heard

no signal or train, but just as his team crossed the track he heard a man halloo, " Hold on ! " and he then turned to look north and as he did so the engine came backing down upon him, and before he could get across the track the tender struck his load, threw him out, carried him some distance, and greatly injured him.

The plaintiff gave considerable testimony tending to show that the engineer neither rung his bell nor blew the whistle while the engine was backing down to the crossing ; that if he had done either it would have been heard.    He further says he had no warning whatever of the approach of the engine from the north, and it also appears that the engine ran back with great speed on a down grade, and that the plaintiff was discovered by the engineer approaching the track when he started to run back.    This was the substance of the testimony which made for the plaintiff.

The circuit judge directed a verdict for the defendant on the ground that the plaintiff contributed by his own careless-ness to the injury complained of.    We think this direction was error.    Some of the facts upon which it is claimed the contributory negligence arose, were disputed, and in such cases the cause should be submitted to the jury.    When the plaintiff exercises no care to avoid danger, and there is no dispute in the testimony upon the point, the question then becomes one for the court ; but when the evidence shows or tends to show that the plaintiff was vigilant in his efforts in the right direction to avoid the danger, but they did not go to the extent for any reason of securing his escape, it is for the jury to say, under all the circumstances, whether he was negligent in not exercising more care, or in making greater efforts to prevent the injury complained of ; and especially in a case, where, if the defendant had performed its duty, the plaintiff would have been likely to have avoided the danger altogether.

We think this record shows such a case, and it should have gone to the jury.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.