JAMES  K.  CHADDERDON  v.  THE  MICHIGAN  CENTRAL  RAILROAD  COMPANY.

| 100 | 293 |
| 128 | 448 |

*Railroad companies—Injury to employé of shipper—Contributory negligence.*

The negligence of the plaintiff in remaining in a box car, which he was assisting in loading with seeders or grain drills, for the purpose of supporting the seeders while the car was being pulled out from the spur track, upon which it was standing, to enable the defendant to place some cars laden with iron on the spur track, and who was injured by reason of the defendant's kicking the box car back onto the spur track, unattended by a brakeman, it being down grade, and causing it to run against the cars which had been placed on the spur track with such force as to overturn the seeders, and tip them over onto

plaintiff, is held not to have been so clear as to have justified the court in taking the case from the jury.

Error to Cass. (O'Hara, J.) Argued April 6, 1894. Decided May 18, 1894.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edwards & Stewart* (*Ashley Pond* and *Henry Russel,* of counsel), for appellant.

*Coy W. Hendryx* and *M. L. Howell,* for plaintiff.

LONG, J. Plaintiff was an employé of the Dowagiac · Manufacturing Company, engaged with others in loading a car with seeders or grain drills for shipment upon defendant's road. The car was standing upon a spur track built by the defendant company for the accommodation of the manufacturing company, parallel to the main track. When the car was partly loaded, and before the seeders in the car had been braced to hold them in place, a train came in with two or three cars loaded with pig iron to be put upon this spur track for the manufacturing company. In order to do this, defendant attached the train to the car where the plaintiff was at work, pulled it out, put the cars containing the iron on the spur, and then put the car in which plaintiff was working back again upon the spur. In doing this, it kicked the car down on the spur, which was down grade, without any one at the brakes to control it. It ran against the cars loaded with iron with such force as to overturn the seeders which plaintiff was steadying, tipping them over upon and injuring him. For this injury this action was brought, and, on the trial, plaintiff had verdict and judgment. Defendant brings error.

The testimony tends to show that, when the train backed down to pull this car out, several of the Dowagiac Manu-

facturing Company's employés were loading these seeders into the car, and saw the train backing in, and some one of the trainmen said, "Throw up the platform;" and one of plaintiff's co-employés said, "Look out! they are coming." Plaintiff and some of the men working with him stayed in the car. In pulling the car backward and forward, the seeders in the car were not disturbed, as the car was controlled by the train, and it was only when the car was kicked back against the cars loaded with iron that the seeders fell over, and injured the plaintiff. There was some testimony also tending to show that the conductor and brakeman, or one of them, knew that plaintiff and others were in the car, and that the seeders were being loaded, at the time the car was about to be pulled out, and also evidence tending to show that these trainmen knew that the seeders were not properly braced at that time to keep them in place. Plaintiff testified that he stayed in the car for the purpose of supporting these seeders.

It is contended by the defendant that the plaintiff, by remaining in the car after he knew it was to be switched about, was guilty of contributory negligence, and could not recover, and the court was asked so to charge. This was refused. It is also contended that there is no evidence showing, or tending to show, that the trainmen knew that any person was in the car during the switching.

The court instructed the jury that—

"If the plaintiff, in remaining in the car while it was being moved or switched, failed to use the care and caution ordinarily used under like circumstances by reasonably careful and prudent persons, he was guilty of negligence, and cannot recover; but if the plaintiff was not guilty of negligence, and if the proximate cause of the injury was the defendant's negligence, the plaintiff can recover."

The defendant insists that the facts conclusively show that the plaintiff was guilty of negligence, and that the

court should not have left the question to the jury. It is further asserted that when the car was to be moved the plaintiff should have left it, and it was negligence to remain in it, as he had no orders from his employer to do so, and no consent from the defendant to remain; that while the switching and momentum given the car when pushed back upon the spur track was not peculiar, or out of the ordinary manner of switching, yet the plaintiff knew it was not without danger, and took his chances.

We think the question of the plaintiff's negligence is not so clear that the court would have been justified in taking the case from the jury. It is evident that he knew the car was to be moved out, and put back again; but it cannot be said that he must have anticipated that it would be kicked with such force back against the car-loads of iron that the seeders would be thrown over upon him. He was inside a box car, and could not readily see how the car was being managed. He could not have seen how the cars loaded with iron were placed, with reference to the placing of the car he was in; and there is no testimony showing, or tending to show, that he knew defendant was to kick the car unattended by a brakeman back with such force against the other cars. He had supported the seeders with safety to himself while the car was being pushed back and forth, and it was only when it was kicked back with force against the other cars that the seeders were overturned. The plaintiff was in the discharge of his duty to his employer in staying in the car, and looking after the seeders; and, whether he had the consent of the agents of the defendant company or not, they were apparently aware he was in the car, and knew the business which kept him there. They knew the seeders were not fully braced. He had a right to expect, under the circumstances, that the defendant would exercise some care in returning the car to its place. *Staal v. Railroad Co.*, 57 Mich. 239. It is

admitted that the car was kicked back without a brakeman, though it was provided with a brake. It is also admitted that it is down grade, and it is shown that the car gained some considerable momentum before it struck the other cars. The question of the plaintiff's negligence was properly submitted to the jury.

The defendant asked the court to instruct the jury that—

"Before the plaintiff can recover, he must show by a preponderance of proof that the defendant knew and understood that he had remained in the car, and that, knowing that fact, the defendant was guilty of gross carelessness and negligence in moving it about."

This request was given. It is contended, however, that there was no testimony showing or tending to show that the servants of the defendant knew that the plaintiff was in the car. As we have said, we think there was some evidence from which the jury might well find that they did know that persons were in the car.

The questions involved were purely of fact, and, under a proper charge, the jury have found against the defendant.

The judgment is affirmed.

The other Justices concurred.