SMITH *v.* PERE MARQUETTE RAILROAD CO.[1]

1. RAILROADS—NEGLIGENCE—BACKING TRAIN ACROSS STREET.
   It is negligence to back a railroad train across a street without signals or lookout.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where plaintiff, while walking between two railroad tracks within the limits of a highway, along one of which tracks a train was passing, was struck by a train which was being backed upon the other track, without lookout or signals, and which he had failed to see, though looking back not long before, the question of his contributory negligence was for the jury.

Error to Montcalm; Davis, J. Submitted January 15, 1904. (Docket No. 207.) Decided March 29, 1904.

Case by George Smith against the Pere Marquette Railroad Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Charles L. Rarden* and *Earl F. Phelps* (*C. B. Rarden*, of counsel), for appellant.

*Frederick W. Stevens* (*Charles McPherson*, of counsel), for appellee.

HOOKER, J. The Grand Rapids & Indiana Railroad depot at Howard City is situated midway between Cass street, on the west, and Ensley street, on the east, and Williams street, on the north, and Shaw street, on the south. The main line ran nearly north and south at this point, passing the depot on the west side. A side track left the east side of the main track of the Grand Rapids & Indiana south of Shaw street, and passed the depot on the

---

[1] Rehearing denied June 18, 1904.

east side, and a short distance southeast of the depot was connected by switch with the main track of the Pere Marquette, thus making a transfer track between the two railroads.    Shaw street was the principal street of the village, and people were in the habit of walking between the two Grand Rapids & Indiana tracks from Shaw street to the depot.    The accompanying plat shows the situation.

The plaintiff was a section hand employed by the Grand Rapids & Indiana Company, and on the day of the accident had worked on the track north of Williams street. About half past 11 a. m. he started to go to his home, situate on the east side of Ensley street, south of Shaw street.    He walked down the track, and was injured six feet or more south of the north line of Shaw street, in the highway.    A freight train stood on the Grand Rapids & Indiana main track, with the engine near the depot, and the rear end of the train south of Shaw street.    As he and his companion walked by the side of this train, it started north, and the plaintiff stepped away from it towards the spur or side track, and was soon after struck by defendant's train, which had come over the transfer track, and was backing south on the switch.    A companion following him was not struck.    A verdict was directed for the defendant, and plaintiff has appealed.

At the time plaintiff was struck, he had been walking upon the right of way of the Grand Rapids & Indiana road, but had crossed the line of Shaw street, where he had a right to travel.    The train which struck him was backing up without a lookout, and without ringing the bell or giving any kind of signals, according to some of the testimony.    The plaintiff had looked back to see if a train was coming upon that track, but how long before he was struck is not positively shown; the witnesses differing somewhat.    The freight train would naturally distract his attention.    It was negligent for defendant to back its train over Shaw street without signals or lookout, and we cannot say that the conduct of the plaintiff was or was not contributory negligence, under the circumstances.

136 Mich.—15.

Counsel cite several cases where we have felt justified in saying that the undisputed facts showed conclusively that

the plaintiff was negligent.  The evidence shows that he was not walking on the track, and an attempt at vigilance;

and those facts, together with the surrounding circumstances, have much to do with the degree of his caution. See *Palmer* v. *Railroad Co.*, 56 Mich. 1 (22 N. W. 88); *Ryan* v. *Railway Co.*, 123 Mich. 597 (82 N. W. 278). Under the circumstances, we think the cause should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.