PEOPLE *v.* LEWIS.

1. APPEAL AND ERROR—ASSIGNMENTS—SPECIFIC NATURE — COURT RULES.

   Assignments of error should be specific; it is insufficient to assign error on objections by number or page of the record. Circuit Court Rule 47.

2. INTOXICATING LIQUORS — INFORMATION — LOCAL-OPTION LAW — FURNISHING LIQUORS.

   An information charging that respondent at a certain time and place in a dwelling house kept a place where spirituous and intoxicating liquors were given away and furnished, the respondent not being a druggist, etc., and the aforesaid keeping of said place having been in violation of law, is sufficient to sustain a conviction under Act No. 107, Pub. Acts 1909.

3. SAME—EVIDENCE.

   Testimony showing that respondent had a bottle of alcohol and water in his rooms, that several persons came there one Sunday and drank successively out of the bottle until they became intoxicated, that respondent was present, but did not invite any of the persons to drink, tends to sustain the information and supports a verdict of guilty.

4. SAME—TRIAL—CRIMINAL LAW.

   Error was not committed by the court's stating that he gave the requests of respondent which were applicable to the case. *People* v. *Farrell,* 137 Mich. 128 (100 N. W. 264), distinguished.

Exceptions before sentence from Allegan; Padgham, J. Submitted April 20, 1911. (Docket No. 124.) Decided July 5, 1911.

Walter Lewis was convicted of keeping a place where intoxicating liquors were furnished in a county that had adopted prohibition. Affirmed.

166 MICH.—33.

*Franz C. Kuhn*, Attorney General, and *E. W. Stone*, Prosecuting Attorney (*Clare E. Hoffman*, of counsel), for the people.

*William J. Barnard*, for defendant.

MCALVAY, J.    Respondent was prosecuted and convicted upon an information charging him with having on July 24, 1910, in Clyde township, in Allegan county, where the local-option law was in force, unlawfully kept a place where spirituous and intoxicating liquors were sold, stored for sale, and given away and furnished, he not being a druggist or registered pharmacist, etc., in violation of the provisions of the said law and amendments thereto.

The claim on the part of the prosecutor was that respondent kept this place, and there gave away and furnished spirituous and intoxicating liquors on the date named.    Respondent was a bachelor, living alone in a house in the township and county named.    On the Sunday morning in question two men, Buchanan and Rumsey, went to this place between 6 and 7 o'clock.    Respondent at once got out of bed and began to prepare breakfast.    There was a bottle of diluted alcohol standing upon the table.    Buchanan picked it up, and asked respondent, "What is in it?"    Receiving no reply, he took a drink of the alcohol and several more before he left.    Rumsey tasted, but did not drink.    Respondent did not invite or offer Buchanan the drink.    He says he went there to sell respondent a horse.    While Buchanan was there Statler came.    This man says he arrived about 8 o'clock, and respondent was mixing a pint of " booze."    It was alcohol and water in a quart bottle.    Respondent set it on the table, and Statler took a drink and later two more.    He saw a man named Bushee take a drink.    This witness remained until the bottle was empty.    Bushee testified that he came with Wise, saw the bottle on the table, and took a drink.    He saw Statler and Rumsey drink, and says Noble, Rumsey, Bushee, Truax, and Dole were there.    Some of these men were under the influence of liquor

when they went there.  Respondent was not there part
of the time.  He did not invite them there, and did not
invite them to take the liquor.  Truax testified that he
took two or three drinks.  Witness Wise took two drinks
that he had "left over" before he went to respondent's
place, and drank at least one drink from this bottle.  He
was too drunk at the time to say when he went away.
Evidence was admitted which tended to show that sev-
eral of these parties while there engaged in a fight.  Re-
spondent was present while some of the men were drink-
ing.  Respondent offered no evidence.  A reversal is
asked by respondent on account of errors claimed to have
been committed.

This court recently called attention to the utter disre-
gard of Circuit Court Rule 47, requiring a detailed assign-
ment of all the alleged errors upon which the appellant
proposes to rely and suggested a correction of the practice
in that regard.  All of these assignments of error are sub-
ject to the criticism then made.  A sample of four errors
assigned reads:

"(1) The court erred in overruling the objection of
respondent's counsel numbered 1 on the margin of the
record."

Another reads:

"The court erred in denying the motion of respondent's
counsel to direct a verdict, numbered 6 on the margin of
the record."

Another reads:

"There was error in the closing argument of the prose-
cuting attorney to the jury."

This court has repeatedly decided that assignments not
in conformity with this rule will not be considered, and
has said that, "when the record affords the appellant
the means of making an assignment more specific, we
think it should be done."  In some cases it cannot be done.
The instant case, however, is not within that class.
*Wolfe* v. *Stack*, 153 Mich. 445, 453 (116 N. W. 1010),

and cases cited and distinguished. *Canerdy* v. *Railway Co.*, 156 Mich. 211 (120 N. W. 582), and cases cited.

In two of these assignments of error attention is called to portions of the charge of the court and statements of the court in giving some of respondent's requests, and also refusing to charge as requested designating the same by letter or number. These assignments of error do not conform with the requirements of the rule, but are given attention because this is a criminal case in which respondent submitted no evidence, and we should satisfy ourselves that the law was correctly stated and the facts proven warranted a conviction.

The statute as amended (Act No. 107, Pub. Acts 1909, § 1), provides:

"It shall be unlawful for any person * * * to keep a saloon or any other place where any such liquors * * * are given away or furnished."

The material portions of the information read:

"That Walter Lewis on the 24th day of July, 1910, at the township of Clyde, in the county of Allegan, did in a dwelling house situate, etc., keep a place where * * * spirituous and intoxicating liquors were * * * given away and furnished, he the said Walter Lewis not being then and there a druggist, etc., contrary, etc., * * * and the aforesaid keeping of said place where intoxicating liquors were given away and furnished having then and there been done by the said Walter Lewis in violation," etc.

The information was sufficient under this statute to charge the offense relied upon. The law absolutely prohibits the selling, giving away, and furnishing spirituous, intoxicating, and other liquors in local-option counties. It is not necessary to allege or prove the carrying on of a continuing business or the intent to do so. It is sufficient for this case to say that the evidence was uncontradicted as to what occurred there on that day, and indicates that it was at least a very popular resort.

The verdict of the jury which found respondent guilty

of the offense charged was warranted by the evidence. The charge of the court correctly stated the law of the case, and we find no error in it.

The respondent's requests given by the court were not given as respondent's theory or his view, as is claimed by him. The court stated that he gave those which were applicable to the case, thereby avoiding the error committed in *People* v. *Farrell*, 137 Mich. 128 (100 N. W. 264), by doing what was pointed out in that case as proper to be done. The substance of other requests proper to be given was embraced in the main charge. The others were properly refused. An examination of this record disclosed no errors.

The conviction is affirmed.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.