## COLLISION BETWEEN A LOCOMOTIVE AND STREET CAR.

Circuit Court of Summit County.

THE LAKE ERIE & WESTERN RAILROAD COMPANY v. THE NORTH-
ERN OHIO TRACTION & LIGHT COMPANY.

Decided, April 12, 1912.

*Negligence—Railroad Crossing—Train Standing Still—Duty to Give
Notice Before Starting—Person on Street May Rely Upon Notice
Being Given.*

1. It is the duty of an engineer of a train or engine which has been
   brought to a stop in, or near to, a public street crossing, to give
   warning of his intention to start his train, in order that any one
   upon the street may be informed of the danger of attempting to
   cross the track, and further, to exercise reasonable and ordinary
   care to see that the way is clear.
2. A person upon a public street which crosses a railroad track, upon
   which is an engine or train standing still near the crossing has
   a right to rely upon the engineer of the railroad company giving
   notice before he starts his engine or train across the street.

*Frank & Ream*, for plaintiff in error.
*Rogers & Rowley*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error, by this proceeding, seeks the reversal of
a judgment rendered against it in the court of common pleas, in
favor of the defendant in error, in an action brought for recovery
of damages arising out of a collision between a street car of the
defendant in error and an engine belonging to the plaintiff in
error.

Briefly stated, the facts, disclosed by the pleadings and the
evidence, are as follows:

The railroad company owns and operates a steam railroad
through the city of Akron, the tracks of which cross North Main
street, a public highway, at grade. The traction company owns
and operates a street railway line in and over certain streets in
the said city. Among the streets occupied by its track is North

Main street. The railroad company's tracks in this street are intersected and crossed at grade by that of the traction company.

On the morning of September 30, 1908, one of the traction company's street cars was being operated on North Main street, going in a northerly direction. At a distance of about fifteen feet from the southerly track of the railroad company the car was brought to a full stop. At about the same time one of the railroad company's engines with several cars attached, was being backed easterly across North Main street and across the intersection of the street railway and the railroad tracks. This engine was brought to a stop by those in charge of its operation at a short distance, the estimates varying from six to twenty feet, east of the street car track on which the street car was being run.

The day was the second day of the Summit county fair, and the traction company had stationed at the point of intersection of the tracks on North Main street a signal watchman, one of its employees, whose duty it was to ascertain if the crossing was free from danger for the passage of street cars over the railroad tracks and to signal motormen on cars approaching to cross the railroad tracks when the way was clear and free from danger.

On the occasion under consideration, the engine having passed a few feet easterly from the street car track and having come to a stop, the watchman signaled the motorman of the car that had stopped to cross the railroad track, and the motorman seeing this signal, and receiving also the proper indication from the conductor on his car to go ahead, put the car under motion and was moving northerly across the railroad tracks, when the engine which had been standing still, started westerly and collided with the street car, which was damaged to some extent by the collision.

The action below was for the recovery of the damage done to the street car, and was founded upon the contention that "the defendant recklessly, negligently and unlawfully started its engine without any warning or signal of its intention so to do, and negligently, carelessly and wrongfully drove its engine in and upon the said car of the plaintiff company."

The questions of fact involved in this contention, which were disputed by the defendant, were resolved by the jury in favor of the plaintiff, as is shown by the verdict in its favor.

It is, however, contended by the plaintiff in error that the defendant in error on the facts of the case, as a matter of law, was guilty of contributory negligence, which must bar its recovery, and this is one of the grounds of error relied upon for a reversal.

The facts claimed to demonstrate that the defendant in error was guilty of contributory negligence are that the engine had stopped so close to the street car track as to indicate a probability that it was likely to start at any minute; that the engineer was on the northerly side of the engine and could not, and did not, see the car at any time; that the brakeman on the cars which were being moved by the engine was too far away from the crossing to do anything to prevent the collision; that the fireman on the engine was at the time engaged in fixing the fire; that the person occupying the position of the fireman on the left hand or southerly side of the engine, and who was supposed by the traction company's employees to be the fireman, but who in fact was not, was sitting at the cab window looking east in such a way as to indicate that he did not see the car; that the flagman who gave the signal to the motorman to cross the railroad track did not see the engineer, fireman or any one else connected with the engine, but gave the signal to cross solely on the fact that the engine had come to a stop; that the motorman and conductor both knew that the engineer was out of sight, and that they also knew that the person supposed to be the fireman was looking eastward and not paying any attention to the car; and that with knowledge of these facts, without any attempt on the part of the motorman or conductor to ascertain what was going to be done next with the engine, reliance was placed by them solely upon the flagman's signal, and the fact that the engine had come to a stop, in attempting to pass over the crossing in front of the engine.

It is the duty of an engineer in charge of a train or engine which has been brought to a stop in, or near to, a public street crossing, to give warning of his intention to start his train, in order that anyone upon the street may be informed of the danger of attempting to cross the track, and further, to exercise reasonable and ordinary care to see that the way is clear.

The authorities on this subject are considered in *Thompson on Negligence,* Section 1568, and the result stated in the following language:

"It is a sound conclusion that it is the duty of the engineer in charge of a train *standing still,* before starting his engine across a street, not only to give timely warning of his intention, but also to see whether his train will not be likely to strike a traveler or frighten his horses."

It was the duty, therefore, of those in charge of the engine belonging to the plaintiff in error, to give warning of their intention of moving across the street with the engine and to see that the way for passage was free.

The employees of the traction company, in charge of the car, had a right to rely upon the performance of this duty on the part of the employees of the railroad company in charge of the engine. The former were not bound to anticipate negligence on the part of the latter in the performance of their duties.

As was said in *Houcks* v. *Chicago, Milwaukee & St. Paul Railway Co.,* 31 Minn., 529:

"One who is called upon to exercise care to avoid danger from the acts of others may, in regulating his own conduct, have regard to the probable or apprehended conduct of such other persons, and to the presumption that they will act with reasonable caution and not with culpable negligence."

Considering the special facts relied upon by the plaintiff in error as undisputed, and giving them full effect, we can not see that they, as a matter of law, show the defendant in error to have been guilty of contributory negligence. This was a question for the jury which was properly submitted to them by the trial court.

The views herein expressed are sustained by numerous authorities.

In *Robinson* v. *Western Pacific Railroad Co.,* 48 Cal., 409, a part of the syllabus reads as follows:

"If a track of a railroad passes along the street of a city, crossing another street, and a train of cars is stopped in the first street so that the last car in the train stands in the cross street, and while a person is walking along the cross street, over the

track, behind the train, the train without any notification is suddenly backed, and the person is knocked down and injured by the cars, the employees of the company are guilty of gross negligence.

"The person injured in such case is exercising an undoubted right in crossing the railroad track on a public street, and is not guilty of such want of care or diligence as contributes to the injury, and the railroad company is not released from the liability on the ground of contributory negligence.

"The person injured in such case had a right to presume that he would be notified that the train was about to move, and was not bound to wait because the train was on the street, or assume that it might move suddenly backward without notice."

In *Railroad Co.* v. *Dawson,* 64 Kan., 99, is a case in principle like the one under consideration. The syllabus reads:

"The attempt of a traveler to cross the front of an engine standing near the crossing is not generally so inherently dangerous as to preclude a recovery of damages if the engine or train is unexpectedly started forward upon her, but in most such cases the question whether she has been guilty of negligence will go to the jury, especially where it moves upon her without giving any signals. Under the facts in this case, the district court did not err in holding the general rule as above stated to be applicable thereto.

"A traveler upon a public street, passing in front of an engine, fired up and warmed, standing without the bounds of the highway, but so near it that from the cab windows the street and objects within it can be plainly seen, has a right to assume that the engineer will not, without warning, start his locomotive and run over her upon the street before she can, while proceeding with haste and in the exercise of ordinary care and caution, cross the tracks upon which the engine is standing when she makes the attempt to do so."

The law is summarized in 33 *Cyc. of Law and Proc.,* 1036, in this language:

"Where there are trains or cars standing on or near a crossing, a person approaching the crossing has a right to assume that they will not be moved without proper warnings or signals, and if he attempts to cross with reasonable care and prudence, he is not necessarily guilty of contributory negligence, the question whether or not is he so negligent usually being one of fact."

See also *Meeks* v. *Ohio River Railway Co.*, 52 W. Va., 99; *Pinney* v. *Missouri, Kansas & Texas Railway Co.*, 71 Mo. App., 577; *Palmer* v. *Detroit, Lansing & Lake Mich. Ry. Co.*, 56 Mich., 1.

It is also contended by the plaintiff in error that the court erred in giving the first request of the plaintiff below to charge before argument. This request was in the following language:

"If you find that at the time the transaction involved in this case the plaintiff street railroad company had a flagman stationed at the crossing where the street railroad tracks cross the tracks of the defendant company, and you further find that a street car of the plaintiff approached said crossing while the engine operated by the defendant company was backing toward the east across said crossing, and that said street car stopped south of said steam railroad tracks at a distance of from ten to fifteen feet, and you further find that the fireman on said engine saw said street car waiting to cross said tracks and you further find that said engine backed to the east to a point fifteen or twenty feet easterly of that point where the street car tracks cross the railroad tracks, and that said locomotive after clearing said tracks such distance stopped, and that the persons in charge of the same did not give any signal or notice of any intention to come forward, and you further find that after said engine had stopped and while it was stopped the flagman at said crossing signalled said car to come forward, then I say to you said street car had a right to go forward across said tracks, and it was the duty of the servants of the defendant in charge of said locomotive to exercise their faculties and to look for such car before starting their engine back over said street car track, and if they started their engine forward without looking or exercising their faculties to ascertain if the street car was crossing under the circumstances above stated, and plaintiff's car was injured as a proximate result of such starting, then the plaintiff is entitled to recover."

We think this request is in harmony with the principles of law which are stated in the authorities already considered under the first assignment of error, and that it correctly states the duty of the servants of the defendant in charge of the locomotive, and the liability of the defendant for their neglect to perform such duty.

Complaint is also made that the court erred in refusing the defendant's fifth request to charge, which is in the following language:

''If you find from the evidence that plaintiff's car was brought to a stop not less than ten nor more than fifty feet from the crossing; that defendant's engine then crossed the plaintiff's tracks and came to a stop on the east side thereof, or if defendant's engine had already crossed plaintiff's tracks when its car was brought to a stop, and if while defendant's engine and plaintiff's car were both stopped an employee of plaintiff's went forward on the crossing and signalled plaintiff's employee on the car to cross the railroad tracks; and if you also find that at the time such signal to cross was given that defendant's employees were either not visible to plaintiff's employees in charge of its car or if visible were not heeding or watching plaintiff's car, or did not see it and that such failure to heed or watch or see the car was known to plaintiff's employees in charge of the car or could have been known to them by the exercise of ordinary care, then and in such case it was the duty of plaintiff's employees to use such further ordinary care as a person in the exercise of ordinary care would use under similar circumstances, to ascertain whether it was in fact safe for the car to be driven upon or across the crossing; and if plaintiff's employees did not use such ordinary care, and without such ordinary care on their part drove the car upon or over the crossing, and that the failure to exercise such ordinary care contributed to the bringing about the collision and the resulting damage to plaintiff's car, then in such case plaintiff was guilty of contributory negligence and can not recover notwithstanding that defendant may also have been guilty of one or more negligent acts which also contributed to the bringing about of the collision and the resulting damage.''

This request, if given, would have imposed the exercise of a higher degree of care upon the employees of the traction company in charge of the car than they are chargeable with under the law. They were not required to anticipate that the employees of the railroad company would be negligent in the performance of their duties, nor to take the steps required by the language of this request to guard against such negligence on the part of those in charge of the engine as would be involved in their starting it across the street without warning, and without informing themselves that the way was clear and free from danger to those who might be crossing the tracks.

We find no error prejudicial to the plaintiff in error in any of the matters complained of, and the judgment of the court of common pleas is affirmed.