NELSON *v.* MICHIGAN TANNING & EXTRACT CO.

1. APPEAL AND ERROR — EXCEPTION — TRIAL — SAVING QUESTIONS FOR REVIEW.

Where defendant's counsel, at the close of plaintiff's testimony, in a personal injury case, asked the court to grant a nonsuit in favor of defendant, without arguing the point, and the court overruled the motion, reserving to the defendant the right to call it up at the conclusion of the trial, and where the motion for a directed verdict was made after all the proofs were in, and an exception taken at that time, the exception was sufficient on error to present the objections raised when the motion was first made, and the attorney was justified in concluding that the ruling of the court was not then final.

2. SAME—SUFFICIENCY OF ASSIGNMENT—DIRECTED VERDICT.

It is not sufficiently specific, in assigning error, to state that the court erred in not directing a verdict for the defendant. But where the words were added, "as requested by counsel at the close of the testimony in the case," it referred to the reasons assigned when defendant's counsel first moved the court to direct a verdict in his favor.

3. MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES—RAILROADS—PRIVATE LOGGING LINE.

Evidence that plaintiff was a brakeman on defendant's switch engine, employed in moving cars from place to place at the factory grounds of his employer, that he leaped from the engine on which he was riding and preceded it towards a switch that he wanted to open, and that as he attempted to cross in front of the engine he slipped and fell upon snow or ice between the tracks, and was struck by it, that the engineer, who was the first to come to the aid of the plaintiff, said it was too bad, and if the brake had been in order he could have stopped the train in time, *held*, to present issues for the jury as to the negligence of defendant and the contributory negligence of plaintiff.

Error to Delta; Flannigan, J.  Submitted November 19, 1914.  (Docket No. 111.)  Decided January 4, 1915.

Case by Otto Nelson against the Michigan Tanning & Extract Company for personal injuries.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*E. C. Eastman,* for appellant.

*N. C. Spencer,* for appellee.

KUHN, J.  The plaintiff was employed as a brakeman on a switch engine of the defendant used in moving to desired places at the factory of the defendant cars of hemlock bark and also bark known as "hog feed."  There is testimony tending to prove that he was riding and standing upon the front end of a gondola car that was being moved at about 4 miles an hour, and when about 500 feet from a switch he signaled the engineer to slow down.  The engineer slowed down to about 2 or 3 miles an hour.  The plaintiff jumped off about 150 feet from the switch, on the right-hand (engineer's) side of the track, and ran ahead.  At a point about 40 feet from the switch he attempted to cross the track, to get to the switch, as he claims, and slipped on the snow or ice and fell between the rails, and a part of the first car passed over him and injured him.  The negligence relied upon was the failure of the defendant to provide the engine with a good and sufficient brake; the claim being that the steam brake at the time of the accident, and for some time before, was not working. This claim is supported by the testimony of the plaintiff, who said that the engineer was the first to come to his aid, and that he said to him:  "Otto, it's too bad.  I could have stopped the train if the brake had been in order"—and told him further that the brake had been out of order for a long time.

The case being submitted to a jury, it resulted in a verdict and judgment in plaintiff's favor, and the cause is before us by writ of error. The assignments of error are as follows:

(1) The court erred in refusing to grant defendant's motion for a nonsuit at the close of the plaintiff's case.

(2) The court erred in refusing to direct the jury to find a verdict for the defendant, as requested by the defendant, at the close of the testimony in the case.

(3) The court erred in refusing to set the verdict of the jury aside and to give judgment for the defendant notwithstanding the verdict in accordance with the motion thereunto made by defendant, and in accordance with the stipulation entered into in open court, whereby there was reserved unto the court the right to order judgment for defendant notwithstanding the verdict, in case the jury should find a verdict for the plaintiff or in case the jury should disagree.

(4) The court erred in refusing to grant to defendant a new trial in this cause.

It is urged that no exception was taken to the ruling of the court upon the motion made at the close of plaintiff's case, and that the second assignment of error is not specific enough. In order to understand fully what this record presents with reference to these objections, it is necessary to set forth what occurred on the trial. When the plaintiff rested, the following colloquy took place:

"*Mr. Eastman:* I move the court for a nonsuit, on the ground that the plaintiff has not established a cause of action, and has not shown negligence on the part of the defendant, and has shown himself guilty of contributory negligence which would defeat recovery.

"*The Court:* Do you wish to argue the motion?

"*Mr. Eastman:* Not at this time.

"*The Court:* I will overrule the motion, and, if you desire to call it up again at the conclusion of your case, you may do so."

At the close of all the proofs, the following occurred:

"*Mr. Eastman:* May it please the court, we ask the court to direct a verdict for the defendant in this case. (Argument on defendant's motion for directed verdict.)

"*The Court:* Defendant's motion or request for a directed verdict is denied." (Defendant excepts.)

Counsel for defendant, who is from a foreign jurisdiction, when making the first motion, undoubtedly, in moving for a nonsuit, meant to request a directed verdict for the specific reasons given to the court. No argument was made upon the legal questions involved at that time, and, from what the court said, counsel was, in our opinion, justified in concluding that the ruling of the court was not final, and in waiting to take his exception until he should again bring it to the attention of the court at the close of all the proofs, in accordance with the court's suggestion. At that time the questions were argued and a proper exception taken to the ruling then made.

It has been held that an assignment of error which simply alleged that the court erred in not directing a verdict for defendant is not specific enough. *Jackson Bridge & Iron Co.* v. *Insurance Co.*, 122 Mich. 433 (81 N. W. 265); *Canerdy* v. *Railway Co.*, 156 Mich. 211 (120 N. W. 582); *Gold* v. *Railway,* 169 Mich. 178 (134 N. W. 1118).

But the assignment here in question goes further in saying "as requested by the defendant at the close of the testimony in the case." This, we think, should be held to refer to the reasons stated by counsel when the motion was first made at the close of plaintiff's proofs. Such reference makes the assignment specific enough to afford information to the trial court concerning the points relied upon and to accord it fair treatment. This assignment, therefore, properly raises all the questions which are properly raised by

exception and which we are asked to determine, viz., whether there was any evidence of defendant's negligence shown, and whether it can be said that the plaintiff was guilty of contributory negligence, as a matter of law.

It is not contended that the declaration of the engineer to the plaintiff does not constitute a part of the *res gestæ,* nor that it was not proper evidence in support of plaintiff's claim of negligence, nor was it objected to. Although the testimony in support of plaintiff's claim was meager, we are satisfied that both these questions were questions of fact for the jury, and submitted with proper instructions. See *De Cair* v. *Railroad Co.,* 133 Mich. 578 (95 N. W. 726); *Hewitt* v. *Lumber Co.,* 136 Mich. 110 (98 N. W. 992); *Van Leuvan* v. *Railroad Co.,* 167 Mich. 355 (132 N. W. 1058); *Gillespie* v. *Railway Co.,* 150 Mich. 303 (113 N. W. 1116).

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.