TOWNSHIP OF PINCONNING *v.* DETROIT & MACKINAC
RAILWAY CO.

RAILROADS — NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS
FOR JURY.

    In an action by a township to recover from a railroad
company the amount paid to an injured employee under
the workmen's compensation act, the questions of defend-
ant's negligence and the injured employee's contributory
negligence, under the evidence, *held*, properly submitted
to the jury.

Error to Bay; Houghton (Samuel G.), J. Sub-
mitted January 5, 1927. (Docket No. 25.) Decided
April 1, 1927.

Assumpsit by the township of Pinconning against
the Detroit & Mackinac Railway Company for the
amount of an award under the workmen's compensa-
tion law. Judgment for plaintiff. Defendant brings
error. Affirmed.

*Carl R. Henry* and *Lewis J. Weadock*, for appellant.

*Gilbert W. Hand* and *Oscar W. Baker*, for appellee.

FELLOWS, J. The township of Pinconning was
using gravel during the month of July, 1924, and had
two cars shipped to it at Pinconning over defendant's
railroad. There is testimony tending to show that it
had two cars shipped every other day. The gravel
was shipped in gondola cars and they were placed on
a team track where they were unloaded into trucks and
a wagon. One Henry Rock was in the employ of the
township in the work of unloading. On the after-
noon of July 11th, one of the cars had been unloaded

---

Railroads, 33 Cyc. pp. 907, 908.

and the workmen were in the other car. They had filled the trucks and wagon and were waiting for their return. Rock was sitting or leaning against the corner of the car. On the team track and to the south of the gondolas was a box car loaded with cement. In its switching operations defendant backed its engine on to the team track, kicked the box car against the gondola, throwing Rock to the ground, causing injuries to him which were compensated for by the township under the provisions of the workmen's compensation act. The township brings this action to recover over from the railroad company under the provisions of that act.

Defendant insisted in the court below and here insists that there was no testimony taking defendant's negligence to the jury, and that Rock was guilty of contributory negligence as matter of law. While other questions were raised in the court below these are the only questions here urged; in short, that defendant was entitled to a directed verdict. Defendant's testimony tends to show that it gave warning of its switching movement, but this testimony is disputed. There was testimony in the case which would justify the jury in finding that defendant's employees knew that plaintiff's employees were engaged in unloading the car; there was testimony that would justify the jury in finding that, with such knowledge, defendant's employees kicked the box car into the gondola without warning plaintiff's employees of such movement; there was testimony which would justify the jury in finding that Rock did not know of the contemplated movement and had no reason to anticipate it. Under these circumstances the question of defendant's negligence and that of contributory negligence of the employee of plaintiff were for the jury. *Dolson* v. *Railway Co.*, 128 Mich. 444; *Chadderdon* v. *Railroad Co.*, 100 Mich. 293; *Brown* v. *Railroad Co.*,

133 Mich. 371; *Breeze* v. *MacKinnon Manfg. Co.*, 140 Mich. 372; *Fitzpatrick* v. *Railroad Co.*, 149 Mich. 194; *Shall* v. *Railway Co.*, 152 Mich. 463; *Lehman* v. *Eureka Iron & Steel Works*, 114 Mich. 260; *Smith* v. *Railroad Co.*, 136 Mich. 224; *Davis* v. *Railroad Co.*, 142 Mich. 382. Counsel for defendant rely most strongly on *Johnson* v. *Railway Co.*, 140 Mich. 292. But as pointed out in *Fitzpatrick* v. *Railroad Co.*, *supra*, in that case the plaintiff "was violating a rule of his employer and knew that switching was going on at the time, and yet placed himself in a position of danger."

The judgment will be affirmed.

SHARPE, C. J., and SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred. BIRD, J., did not sit.